**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | : | **CASE NO.   1:09-cr-00495** |
| | : | |
| Plaintiff, | : | **JUDGE LESLEY WELLS** |
| | : | |
| v. | : | |
| | : | **MAGISTRATE JUDGE** |
| **WAYNE C. COTTRELL,** | : | **NANCY A. VECCHIARELLI** |
| | : | |
| Defendant. | : | **REPORT & RECOMMENDATION** |

Pursuant to General Order 99-49, this matter has been referred to United States Magistrate Judge Nancy A. Vecchiarelli for purposes of receiving, on consent of the parties,  the defendant's offer of a plea of guilty, conducting the colloquy prescribed by Fed. R. Crim. P. 11, causing a verbatim record of the proceedings to be prepared, referring the matter, if appropriate, for presentence investigation, and submitting a Magistrate Judge's Report and Recommendation stating whether the plea should be accepted and a finding of guilty entered.  The following, along with the transcript or other record of the proceedings submitted herewith, constitutes the Magistrate Judge's Report and Recommendation concerning the plea of guilty proffered by the defendant.

1.      On August 24, 2010, the defendant, accompanied by counsel, proffered a plea of guilty to count 1 of the indictment.

2.      Prior to such proffer, the defendant was examined as to his competency, advised of the charge and consequences of conviction, informed that the Federal Sentencing Guidelines are advisory and the Court must consider

them but the Court may impose any reasonable sentence authorized by law, notified of his rights, advised that he was waiving all his rights except the right to counsel and otherwise was provided with the information prescribed in Fed. R. Crim. P. 11.

3.      The parties and counsel informed the court about the plea agreement between the parties; the undersigned was advised that, aside from such agreement as described or submitted to the court, no other commitments or promises have been made by any party, and no other agreements, written or unwritten, have been made between the parties.

4.      The undersigned questioned the defendant under oath about the knowing, intelligent, and voluntary nature of the plea of guilty, and finds that the defendant was competent to enter a plea and the plea was offered knowingly, intelligently, and voluntarily.

5.      The parties provided the undersigned with sufficient information about the charged offense(s) and the defendant's conduct to establish a factual basis for the plea.

In light of the foregoing and the record submitted herewith, the undersigned finds that the defendant's plea was knowing, intelligent, and voluntary, and all requirements imposed by the United States Constitution and Fed. R. Crim. P. 11 have been satisfied.

However, it is the government's position that the defendant is subject to the Armed Career Criminal Enhancement of Title 18 USC 924(e) and should be sentenced subject to the enhancement.  Judge Wells has ruled that the defendant's prior Ohio third-degree burglary convictions do not subject him to the Armed Career Criminal

2

enhancement of Title 18 USC 924(e).  Upon sentencing of the defendant, the government intends to object to the defendant not being sentenced as an Armed Career Criminal and intends to seek authorization to appeal the sentence on the basis that the defendant should be subject to the enhancement.  The parties agree that if the appeal is authorized and the Sixth Circuit Court of Appeals reverses the sentence, or if the issue with respect to the Ohio burglary statue is resolved in favor of the United States in any other Sixth Circuit decision, thereby requiring the defendant to be sentenced as an Armed Career Criminal, the defendant will have the right to withdraw his guilty plea.

Therefore, the undersigned recommends that the plea of guilty be accepted and a finding of guilty be entered by the Court, but that the defendant be permitted to withdraw his plea of guilty if the government prevails in the Sixth Circuit Court of Appeals in this case or in any other Sixth Circuit decision that would subject the defendant being sentenced as an Armed Career Criminal.


Date:  August 24, 2010          *s/ Nancy A. Vecchiarelli*
                                NANCY A. VECCHIARELLI
                                UNITED STATES MAGISTRATE JUDGE


**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**

3